# EXHIBIT A

**STATE OF NEW YORK**
<u>**SUPREME COURT   COUNTY OF ONEIDA**</u>

**SENAL NADAREVIC, as Father And**
**Natural Guardian Of E███ N███████**
                              **Plaintiff,**
    V.                                                **SUMMONS**
                                                        Index No.

**DURHAM SCHOOL SERVICES;**
**"JOHN DOE #1", Ind. And as an Employee**
**Of Durham School Services; "JOHN DOE #2",**
**Ind. And as an Employee Of Durham School Services**
                              **Defendant.**

---

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates Oneida County as the place of trial.  The basis of the venue is Plaintiff's residence.  Plaintiff resides in Oneida County, New York.

**Dated:**                                         Yours, etc.

                                                     s/ Frank Policelli
                                                    _____

                                                    **FRANK POLICELLI, ESQ.**
                                                    **Attorney for Plaintiff**
                                                    **Office & Post Office**
                                                    **10 Steuben Park**
                                                    **Utica, NY  13501**
                                                    **(315) 793-0020**

STATE OF NEW YORK
<u>SUPREME COURT   COUNTY OF ONEIDA</u>

**SENAL NADAREVIC, as Father And
Natural Guardian Of E▮▮▮ N▮▮▮▮▮▮▮▮**
**Plaintiff,**

V.                                                                                  **COMPLAINT**
                                                                                          Index No.

**DURHAM SCHOOL SERVICES;
"JOHN DOE #1", Ind. And as an Employee
Of Durham School Services; "JOHN DOE #2",
Ind. And as an Employee Of Durham School Services
Defendant.**
_____

Plaintiff, by and through his attorney, FRANK POLICELLI, complaining of the defendant alleges as follows:

1. That at all times hereinafter stated the plaintiff Senal Nadarevic was and remains a resident of the State of New York and the County of Oneida.

2. Plaintiff Senal is the father and natural guardian of E▮▮▮ N▮▮▮▮▮▮▮, date of birth ▮▮▮▮▮▮▮.

3. Upon information and belief, at all times hereinafter mentioned, Durham School Services, L.P. is a limited partnership with home offices in Lisle, IL. In 2021, Durham School Services contracted with the Utica City School District to transport approximately 10,000 students for the district, to and from school each day. Durham operates 120 routes that service the students of Utica City Schools, including Jefferson School, where E▮▮▮ attends school. Durham School Services is part of the School and Employee Bus Transportation Industry operating under the laws of the State of New York, County of Oneida with a place of business at 1000 Broad Street, Utica NY.

1

## STATEMENT OF FACTS

4. Durham School Services is contracted with the City of Utica School District to transport its students to and from various schools within the district, including Jefferson Elementary School. Defendant Durham is responsible for staffing, controlling, operating and maintaining said buses used for said transport, as well as for hiring, training and supervising bus drivers and monitors/attendants who oversee activities aboard the busses.

5. At the time aforesaid, infant was a pupil required to attend and lawfully did attend Jefferson Elementary School, a public educational facility operated and maintained by the Utica City School District. As a requirement of said attendance the infant was assigned to a certain bus operated by Durham Bus Company to be transported to his school and transported back to his home.

6. Upon information and belief, Durham Busing Services is required to provide buses and bus drivers to transport its students. In addition attendants/monitors are placed on the buses to supervise students on the buses. Said attendants/monitors are hired, trained and supervised by the defendant Durham School Services, L.P.

7. On March 10, 2022 while riding on the assigned bus in the City of Utica the infant became engaged in horseplay with another student near the back of the bus. The assigned monitor John Doe #1 (first name Louis; last name to be discovered through further discovery) confronted the infant Plaintiff and demanded he stop the activity.

8. When the two students continued, John Doe #1, a very large individual, forcibly removed the thin and slight infant plaintiff by roughly pulling him by the wrist and placed him in a seat closer to the front of the bus.

9. Although this alleviated the source of the problem for which the infant was being

2

disciplined, the monitor continued to physically and verbally discipline the infant plaintiff, forcibly assaulting him, slamming his head, neck and ribs against the seat and window, striking him with his hands and with his knee, tearing off the infant's shirt and using it to restrain him, all the while screaming at him and verbally berating him.

10. John Doe #2, the driver of the bus (first name Omar, last name to be discovered through further discovery) took no action to prevent the assault on the infant Plaintiff, nor did he make any attempt to stop it once it started despite being in a position to intervene and prevent further harm to the infant Plaintiff.

11. The negligence of defendant was the proximate cause of the incident herein, said negligence including, but not limited to:

   a. Failing to maintain proper supervision of school activities and school personnel in the position of trust and authority as a bus driver and/or monitor where they are able to use their positions to commit the wrongful acts against the infant Plaintiff, thus allowing the aforesaid incidents to occur;
   b. negligently hiring individuals when they knew or reasonably should have known of their dangerous and violent propensities.
   c. failing to protect infants in their care from the known risk posed by said individuals;
   d. failing to prevent the assault by its agents, employees and assigns.
   e. Failure to observe duty owed to students which requires a school to act when a child, while in its charge, is threatened or damaged by the actions of a third party.
   f. breaching the fiduciary duty owed to claimant by the negligent conduct noted

3

herein.

12. At all times relevant hereto, defendant Durham School Services, L.P. owed plaintiff Senal Nadarevic and his infant son E▮ a duty of reasonable care to supervise those in its care in such a way as to allow safe transportation to and from school for students required to ride on the assigned buses.

13. The failure, neglect and refusal in their duty by Durham School Services, L.P., their agents, servants and/or employees to protect the Plaintiff from injury constitutes a breach of the duty of care owed to plaintiff by defendant.

14. Said incident herein and the injuries resulting there from were caused by reason of the misconduct of the Durham School Services, L.P., their agents, servants and/or employees without any fault or want of care on the part of the Plaintiff contributing thereto.

15. As a result of said incident, Plaintiff's infant son was rendered sick, sore, lame and disabled and suffered serious and painful injuries, such injuries including but not limited to injuries to his back, neck, head with much physical and mental pain and agony.

16. The incident herein and the injuries resulting therefrom were due solely and wholly to the misconduct of the Defendants, and without any fault or want of care on the part of the Plaintiff contributing thereto.

17. By reason of such injuries, the Plaintiff father has been put to great expense in procuring medical attention for his son, as well as mental and emotional pain and suffering, and believes that his son will continue to suffer therefrom for an indefinite period of time in the future all to his damage in an amount to be established at a trial of this matter.

**FIRST CAUSE OF ACTION –
ASSAULT; BATTERY**

18. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 17 of this complaint with the same force and effect as if fully set forth herein.

19. On March 10, 2022 infant plaintiff E■■■ N■■■■■■ was lawfully a passenger on the bus owned, operated, maintained, controlled, managed, maintained, staffed and secured by defendant Durham School Services, L.P.

20. On March 10, 2022, defendant Durham School Services, L.P. as the owner, operator, supervisor and manager of the bus in which infant plaintiff was a passenger had a duty to protect the plaintiff from injury while plaintiff was lawfully riding the bus.

21. By taking custody of the child, Durham School Services, L.P., deprived the child of the protection of his parents or guardian. The actor who takes custody of a child is properly required to give him the protection which the custody or the manner in which it is taken has deprived him.

22. The nature of the duty owed to students is to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances. Further, a bus operator such as Durham School Services, L.P., owes the very same duty to the students entrusted to its care and custody as any other school official.

23. Durham School Services, L.P., did undertake to transport students and must therefore perform so much as it had undertaken in a careful and prudent manner.

24. On March 10, 2022 plaintiff E■■■ N■■■■■■ was violently contacted by defendant's employee John Doe #1 without cause, provocation or justification and while plaintiff was lawfully a passenger on the bus, all while Doe #1 was acting in the course of his employment as an employee of defendant Durham School Services, L.P.

5

25. In subduing Plaintiff John Doe #1 employed force which exceeded that which is reasonable and necessary under the circumstances. At the time such force was employed, infant Plaintiff had already been removed from the site of the original incident and was subdued, restrained by his own shirt.

26. A citizen has a constitutional right to be free from excessive force. Defendant John Doe #2, while in a position to intervene and prevent the injuries to infant Plaintiff, unlawfully failed to protect him from a constitutional violation.

27. As a result of the foregoing plaintiff E___ N_____ suffered injuries caused solely and wholly by reason of the negligence and carelessness of defendant Durham School Services L.P. in the ownership, operation, management, maintenance, control, security and supervision of the premises and employees, without any negligence on the part of the plaintiff contributing thereto.

## SECOND CAUSE OF ACTION – RESPONDEAT SUPERIOR

28. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 27 of this complaint with the same force and effect as if fully set forth herein.

29. An employer is subject to liability for the torts of his servants committed while acting in the scope of their employment. To be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment.

30. At all times herein mentioned, defendants John Doe #1 and John Doe #2 were acting in the course of their employment with defendant Durham School Services.

31. Defendant employer Durham School Services, L.P. is vicariously liable for its employees John Doe #1's and John Doe #2's negligent and/or intentional acts of violently contacting plaintiff E▬ N▬ without cause, provocation or justification while in the course of his employment, and failing to intervene, as those acts were committed within the scope of the employees' employment.

32. Defendant employer Durham School Services, L.P. is vicariously liable for its employees John Doe #1's negligent and/or intentional acts of violently contacting plaintiff E▬ N▬ without cause, provocation or justification while in the course of his employment as those acts and the employee's conduct was generally foreseeable and a natural consequence of the employment.

33. Defendant employer Durham School Services, L.P. is vicariously liable for its employees John Doe #2's failure to intervene to protect a student in his charge while in the course of his employment as the employee's conduct was generally foreseeable and a natural consequence of the employment.

34. Defendant employer Durham School Services, L.P. is vicariously liable for its employees John Doe #1's negligent and/or intentional acts of violently contacting plaintiff E▬ N▬ without cause, provocation or justification while in the course of his employment as those acts and the employee's violent conduct could have been reasonably anticipated by defendant employer Durham School Services.

35. Defendant employer Durham School Services, L.P. is vicariously liable for its employees John Doe #2's failure to intervene to protect students in his care while in the course of his employment as those acts and the employee's violent conduct could have been reasonably

anticipated by defendant employer Durham School Services.

36. Defendant employer Durham School Services, L.P. is vicariously liable for its employees John Doe #1's negligent and/or intentional acts of violently contacting plaintiff E█ N██████ without cause, provocation or justification while in the course of his employment as those acts by defendant employee were a minor deviation from work-related activities but still acting within the scope of his employment for the purposes of respondeat superior.

37. By taking custody of the child, Durham School Services, L.P., has deprived the child of the protection of his parents or guardian. Therefore, the actor who takes custody of a child is properly required to give him the protection which the custody or the manner in which it is taken has deprived him.

38. The nature of the duty owed to students is to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances. Further, a bus operator such as Durham School Services, L.P., owes the very same duty to the students entrusted to its care and custody as would any other school official.

39. Durham School Services, L.P., did undertake to transport students and must therefore perform so much as it had undertaken in a careful and prudent manner.

40. As a result of the foregoing plaintiff E██ N██████ was seriously and permanently injured.

41. Said occurrence and the resulting injuries to plaintiff E██ N██████ were caused solely and wholly by reason of the negligence and carelessness of defendant Durham Bus Services in the ownership, operation, management, maintenance, control, security and supervision of their buses and employees performing their duties aboard those buses.

42. By reason of such injuries sustained, Plaintiff has suffered physical injuries as well as mental and emotional pain and suffering, and he will continue to suffer therefrom for an indefinite period of time in the future all to his damage in the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00).

### THIRD CAUSE OF ACTION – NEGLIGENT HIRING / TRAINING/ SUPERVISION

43. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 42 of this complaint with the same force and effect as if fully set forth herein.

44. Defendant Durham School Services is under a duty to insure that its agents and employees are adequately trained and supervised. The Defendants' failure to properly supervise its employees and agents and/or train employees under their supervision, specifically but not exclusively in the use of force to discipline those in its care, constituted negligence as well as a gross and deliberate indifference to the rights and safety of others.

45. Defendant Durham School Services is also responsible for establishing policies and procedures to be utilized by its employees.

46. All actions undertaken by agents and officers of Defendants Durham Bus Services were undertaken by them in furtherance of the official company policy of Defendant Durham Bus Services.

47. The negligence of Defendant Durham Bus Services, L.P. consists, inter alia, of:
   g. maintaining improper supervision of employees, thus allowing the aforesaid incidents to occur;
   h. failing to properly train and supervise its employees in properly dealing with

situations which should have been foreseen to occur, such as instances of student misbehavior;

i. negligently hiring John Doe #1 and John Doe #2 when it was known or reasonably should have been known of their dangerous and violent propensities. Despite such knowledge, defendant Dunham Bus Services negligently hired and/or failed to supervise John Doe #1 and John Doe #2 in a position where it was foreseeable that they be required to deal with unruly students.

48. By reason of the aforesaid negligent conduct, infant plaintiff E▇ N▇▇ has sustained damages for emotional pain and suffering, humiliation, embarrassment, physical pain and suffering, necessitating medical treatment.

49. The injuries and damages were caused by reason of the negligence of defendants without any negligence, fault or want of care on the part of infant plaintiff E▇ N▇▇.

50. By reason of such injuries sustained, Plaintiff has suffered physical injuries as well as mental and emotional pain and suffering, and he will continue to suffer therefrom for an indefinite period of time in the future all to his damage in the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00).

**FOURTH CAUSE OF ACTION -
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

51. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 50 of this complaint with the same force and effect as if fully set forth herein.

52. The extreme and outrageous acts of defendant Durham School Services, L.P. and its agents John Doe #1 and John Doe #2 in assaulting infant Plaintiff E▇ N▇▇ were undertaken

10

without any purpose except to intentionally cause emotional distress to plaintiff.

53. The above acts of defendant caused plaintiff N▇ severe emotional distress, anxiety, and sleeplessness and were outrageous and with reckless disregard of the substantial possibility of emotional distress to plaintiff. As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants and their agents, plaintiff N▇ has suffered damages and injuries as set forth below.

54. As a result of the aforesaid acts of defendant, plaintiff N▇ has become mentally upset, distressed and aggravated. The father Plaintiff has been forced to obtained medical help for his son's injuries. Plaintiff claims general damages for such injuries in the amount of $750,000.00.

55. As a further proximate result of defendants' conduct and the consequences proximately caused therefrom, plaintiff has suffered medical and related expenses of an indeterminable amount, total amount to be determined at time of trial.

56. Because the acts taken toward plaintiff N▇ were carried out by employees acting in a cold, deliberate, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages in an amount appropriate to discourage such future actions.

**FIFTH CAUSE OF ACTION –**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

57. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 56 of this complaint with the same force and effect as if fully set forth herein.

58. As the temporary custodial guardian of infant Plaintiff N████, defendants owed a duty of due care to plaintiff.

59. Defendants knew or should have known, that their failure to exercise due care in preventing deprivations of plaintiff's constitutional rights would cause plaintiff E██ N████ severe emotional distress and would pose a serious threat to his physical health.

60. As a direct, proximate and foreseeable result of the negligent conduct of defendants, plaintiff has suffered severe emotional distress, and severe damage to his physical health, including, but not limited to, anxiety, nausea, and sleeplessness. As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants and their agents, infant plaintiff N████ has suffered damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00).

61. As a further proximate result of defendant's conduct and the consequences proximately caused therefrom, plaintiff has suffered medical and related expenses of an indeterminable amount, total amount to be determined at time of trial.

## SIXTH CAUSE OF ACTION –
## 42 U.S.C. § 1983 CLAIM FOR EXCESSIVE FORCE/UNREASONABLE SEIZURE UNDER THE FOURTH AMENDMENT;

62. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 60 of this complaint with the same force and effect as if fully set forth herein.

63. When a state actor such as a public school official has infringed upon a student's liberty interest by intentional conduct, gross negligence, or reckless indifference, the matter is actable under 42 U.S.C.A. §1983.

64. A teacher is not allowed to "assault" a student or use so much force that it displays a clear lack of self-control and that injures the student. When the issue involves maintaining order on school property, a bus driver or monitor has the authority to manage disruptive students riding in the bus, and can use reasonable physical force to control a student's behavior or to remove a student from the scene in situations when necessary.

65. A student has a constitutional right to be free from the use of excessive force by school officials. A bus attendant may use only that degree of force reasonably necessary to perform his or her duties

66. Defendant John Doe #1 used force when no resistance was offered. Defendant Nadarevic was offering no physical resistance. Where no force is necessary, the use of any force is excessive and a school official may not use force simply because a student is argumentative, contentious or vituperative. Even applications of force which seem minimal may be viewed as excessive where there was no need for any force.

67. In this case, John Doe #1 may arguably have had the authority to use some physical force to get the student to stop roughhousing with another student in the back of the bus, but he used excessive force when he forcibly assaulted him, slammed his head, neck and ribs against the seat and window, and struck him with his hands and with his knee.

68. This was excessive physical force since no force of any kind was necessary. The student had already been removed from the location of the original incident for which he was being disciplined. At the time he was assaulted by John Doe #1, the infant plaintiff posed no danger to John Doe #1, to other students or to himself.

69. The conduct of John Doe #1 shocks the conscience, as it was so outrageous in

13

character and so extreme in degree as to go beyond all bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society.

70. When an educator's need to use force against a student is minimal or nonexistent, any physical force will be considered an abuse of authority that satisfies the "shocks the conscience" test.

**WHEREFORE**, judgment is demanded as follows:

    a. upon the first cause of action herein stated a judgment in favor of the plaintiff, Senal Nadarevic, as Father and Natural Guardian of infant E▮ N▮, against the named defendants in the amount of $750,000.00.

    b. upon the second cause of action herein stated a judgment in favor of the plaintiff, Senal Nadarevic, as Father and Natural Guardian of infant E▮ N▮, against the named defendants in the amount of $750,000.00.

    c. upon the third cause of action herein stated a judgment in favor of the plaintiff, Senal Nadarevic, as Father and Natural Guardian of infant E▮ N▮, against the named defendants in the amount of $750,000.00.

    d. upon the fourth cause of action herein stated a judgment in favor of the plaintiff, Senal Nadarevic, as Father and Natural Guardian of infant E▮ N▮, against the named defendants in the amount of $750,000.00.

    e. upon the fifth cause of action herein stated a judgment in favor of the plaintiff, Senal Nadarevic, as Father and Natural Guardian of infant E▮ N▮, against the named defendants in the amount of $750,000.00.

    f. upon the sixth cause of action herein stated a judgment in favor of the plaintiff,

Senal Nadarevic, as Father and Natural Guardian of infant E███ N██████, against the named defendants in the amount of $750,000.00.

Plaintiff demands an award of punitive damages on all causes of action, together with the costs and disbursements of this action, and for such other and further relief as this court deems just and proper.

**Dated: April 7, 2022**

                                              **Yours, etc.**

                                              s/ Frank Policelli
                                              **FRANK POLICELLI, ESQ.**
                                              **Attorney for Plaintiff**
                                              **Office and Post Office Address**
                                              **10 Steuben Park**
                                              **Utica, New York 13501**
                                              **(315) 793-0020**

**STATE OF NEW YORK)**
**COUNTY OF ONEIDA ) ss.:**                                    **VERIFICATION**

Senal Nadarevic, being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that deponent is the father and natural guardian of the infant E███ N██████; that deponent has read the foregoing Summons and Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

                                              s/ Senal Nadarevic
                                              SENAL NADAREVIC as Father and
                                              Natural Guardian of E███ N██████

Sworn to before me on this
7th Day of April, 2022
s/ mark e. sisti
_____

**Mark E. Sisti**
**Notary Public, State of New York**
**Qualified in Oneida County**
**01SI5082621**
**Commission Expires July 28, 2025**